IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MOSLEY,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-2996 |
| | : | |
| CHRISTOPHER BAGNATO,<br>    Defendant. | : | |

**MEMORANDUM**

**PEREZ, J.**                                                                                          September 20, 2023

    James Mosley has filed a *pro se* Complaint asserting a civil rights violation against attorney Christopher Bagnato, alleging he discriminated against Mosely on the basis of race, color, national origin, age, disability and mental handicap. Mosley also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mosley *in forma pauperis* status and dismiss the Complaint.

**I.    FACTUAL ALLEGATIONS**[1]

    Briefly stated, Mosley asserts that his civil rights were violated when Attorney Bagnato sent him a letter about a prior case in which Bagnato apparently represented him. (Compl. at 3.) Mosley claims the letter was sent "with racial intent using the words suffer seek mental and psychological help that you truly need." (*Id*.) Mosley claims that he is African American and Bagnato is of Spanish descent. (*Id*.) Mosley asserts that "he has suffered from being a *pro se*

---

[1] The factual allegations set forth in this Memorandum are taken from Mosley's Complaint (ECF No. 2). The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

litigant of minority dissent" [sic] and "Bagnato would not ever send a racially incriminating letter to professional attorneys."  (*Id*. at 4.)

Mosley attached Bagnato's February 2, 2023 letter to his Complaint.[2]  It purports to enclose a photocopy of a refund check in the amount of $500 that had been previously sent to Mosley and cashed by him.  Bagnato states that, while Mosley owed money to his firm, he would not pursue the matter even though Mosley had brought another lawsuit against him.  The letter goes on to state in relevant part:

> This litigation matter has to stop.  I am demanding that you withdraw your complaint, otherwise I will counter-sue for this frivolous law suit.  I will also contact the Attorney General's office and the Philadelphia District Attorney's office due to this malicious prosecution of this civil complaint against me.
> In the beginning, all I did was try to help you but it was just a misunderstanding with the bank, which was rectified.  I suggest you seek psychological help because what you are doing is not logical, rational nor legal.  You are wasting my time and the Courts [sic] precious time and I promise you the Court will not act lightly in [sic] this shenanigans if you continue.  I will do everything in my power to make sure you will loose [**sic**] in court and suffer dire sanctions in litigating this matter.  This must STOP.

(Compl. at 7.)  Mosley seeks injunctive relief preventing Bagnato from discriminating against other *pro se* litigants, as well as money damages.[3]  (*Id*.)

---

[2] Also attached to the Complaint is a document from PA Health & Wellness setting forth that entity's statement of its non-discrimination policy.  (*Id*. at 9.)  The relevance of the document is not clear.

[3] Mosley may not assert claims on behalf of "other" *pro se* litigants.  Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts.  Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so.  *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))).  Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court.  *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).

## II. STANDARD OF REVIEW

The Court grants Mosley leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mosley is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Mosley asserts civil rights claims against Bagnato. The vehicle by which constitutional claims may be pursued in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Private practice attorneys who represent litigants in court are not "state actors" as that term is used in § 1983. *Singh v. Freehold Police*

*Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff]'s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him."); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). *See also Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that even a court-appointed attorney is not a state actor for purposes of § 1983). "[B]efore private persons can be considered state actors for purposes of section 1983, the state must significantly contribute to the constitutional deprivation." *Angelico*, 184 F.3d at 278 (quoting *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1266 (3d Cir. 1994)). As Mosley makes no allegation from which it may be inferred that Bagnato was a "state actor," the case must be dismissed with prejudice.[4]

---

[4] To the extent Mosley uses words such as "disabled" and "mental handicap" in his Complaint (*see* Compl. at 2), any claim he seeks to raise under the Americans with Disabilities Act is also not plausible. To allege a plausible claim under Title II of the ADA, a plaintiff must assert that (1) he is a "qualified individual with a disability;" (2) he is being excluded from participation in or being denied the benefits of some "services, programs, or activities," by reason of his disability; and (3) the entity which provides the service, program or activity is a public entity. *See, e.g., Layton v. Elder*, 143 F.3d 469, 472 (8th Cir.1998); *Bowers v. National Collegiate Athletic Ass'n*, 9 F. Supp. 2d 460, 475 (D.N.J. 1998). Bagnato, as is evident from his letter that Mosley attached to the Complaint, is an attorney in private practice. Therefore any ADA claim is not plausible because Bagnato not a public entity.

To the extent Mosley uses the word "age" in his Complaint (*see* Compl. at 2), any § 1983 claim based on age discrimination is further not plausible because the United States Court of Appeals for the Third Circuit has agreed with other courts that such claims are preempted by the Age Discrimination in Employment Act and its comprehensive remedial scheme. *See Rodrock v. Moury*, 379 F. App'x 164, 166 (3d Cir. 2010) (citing cases); *see aslo Evans v. Port Auth. of New York & New Jersey*, No. 06-3239, 2010 WL 3429575, at *9 (D.N.J. Aug. 27, 2010), *aff'd*, 438 F. App'x 117 (3d Cir. 2011) ("To the extent that [plaintiff's] claims are based on age discrimination, the Court will grant summary judgment on those claims because 'the basis for a § 1983 claim may only coexist with a claim of discrimination when it rests on a substantive constitutional right.' . . . Thus, 'because age discrimination is not, *per se*, a constitutional violation, but rather, a statutory one, '[the Age Discrimination in Employment Act] preempts other federal remedies for age discrimination, including § 1983.'" (internal citations omitted).

For the reasons provided, Mosley's Complaint is dismissed with prejudice.  An appropriate Order will be entered separately.

BY THE COURT:

_____
**MIA R. PEREZ, J.**
